## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | | |
|---|---|---|
| **7-ELEVEN, INC.,**<br>a Texas corporation,<br>One Arts Plaza<br>1722 Routh Street, Suite 1000<br>Dallas, TX 75201 | )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No. |
| **7 EVEN, INC.,** a Maryland corporation,<br>228 North Eutaw Street<br>Baltimore, MD 21201<br>Daniel Geda, Resident Agent<br>914 Elm Ridge Avenue<br>Baltimore, MD 21229 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| **DANIEL GEDA**<br>914 Elm Ridge Avenue<br>Baltimore, MD 21229 | )<br>)<br>)<br>) | |
| Defendants. | )<br>)<br>) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, COUNTERFEITING, UNFAIR COMPETITION, AND TRADEMARK DILUTION

Plaintiff, 7-Eleven, Inc., by counsel, complains against Defendants 7 Even, Inc. and Daniel Geda (*collectively* "Defendants"), doing business as 7-EVEN, as follows:

### THE PARTIES

1.      Plaintiff, 7-Eleven, Inc. ("7-Eleven"), is a corporation formed under the laws of the State of Texas, which is doing business in the state of Maryland and has its principal place of business at One Arts Plaza, 1722 Routh Street, Suite 1000, Dallas, Texas, 75201.

2.      Defendant, 7 Even, Inc. ("7 Even"), is a corporation formed under the laws of the State of Maryland with its principal place of business at 228 North Eutaw Street, Baltimore, Maryland, 21201, and is doing business there as 7-EVEN.

3.      Defendant Daniel Geda is a citizen of Maryland and is a controlling principal of defendant 7 Even.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction by virtue of the following facts:   (1) this is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1051-127, jurisdiction being expressly conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); and (2) this is a civil action in which Plaintiff and Defendants are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being expressly conferred in accordance with 28 U.S.C. § 1332(a). This Court has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b).

5.      Venue is proper in the District of Maryland in accordance with 28 U.S.C. § 1391(b) because a substantial part of the events or omissions that give rise to these claims have occurred in this judicial district.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING

6.      7-Eleven realleges and incorporates by reference the allegations contained in paragraphs 1 through 5 of this Complaint.

7.      Since long prior to the acts of Defendants complained of herein, 7-Eleven has been engaged in the business of, *inter alia*, offering convenience store services and products to the general public at various locations throughout the United States, including within this judicial district.

2

4828-5907-7917.

8.      Since at least as early as 1946, long prior to the acts of Defendants complained of herein, 7-Eleven has provided its aforesaid convenience store services under the name and mark 7-ELEVEN.

9.      There are currently over 7,000 convenience stores throughout the United States operated by 7-Eleven or its franchisees under 7-Eleven's aforesaid 7-ELEVEN name and mark, including more than 350 in the state of Maryland.

10.     Since long prior to the acts of Defendants complained of herein, 7-Eleven's 7-ELEVEN name and mark has been displayed, among other places, on signage for its convenience stores. A common display of 7-Eleven's 7-ELEVEN name and mark features an Arabic numeral "7" followed immediately by a dash and the word "eleven", all displayed in block letters appearing on the same plane against a solid, contrasting background.

11.     Since long prior to the acts of Defendants complained of herein, 7-Eleven and its franchisees annually have sold nationally billions of dollars of products and services under each of its aforesaid 7-ELEVEN name and mark and 7-ELEVEN Logo, and have annually spent millions of dollars to advertise and promote its convenience store services and related goods and services nationally under the aforesaid trade identity.

12.     By virtue of the aforesaid extensive use, advertising, and promotion, each of 7-Eleven's aforesaid 7-ELEVEN name and mark has become well known among consumers, and acquired a strong secondary meaning signifying 7-Eleven, and is now famous.

13.     7-Eleven has registered its aforesaid 7-ELEVEN mark in the United States Patent and Trademark Office.  Such registrations include, but are not limited to, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-ELEVEN & Design | 718,016 | 07/04/1961 | Retail grocery service |

4828-5907-7917.

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-ELEVEN | 896,654 | 08/11/1970 | Retail grocery store service |
| 7-ELEVEN & Design | 920,897 | 09/21/1971 | Retail grocery store services |
| 7-ELEVEN & Design | 961,594 | 06/19/1973 | Various flavors of soft drinks |
| 7-ELEVEN & Design | 1,035,454 | 03/09/1976 | Sandwiches |
| 7-ELEVEN & Design | 1,288,594 | 08/07/1984 | Gasoline |
| 7-ELEVEN & Design | 1,402,425 | 07/22/1986 | Soft drinks for consumption on or off the premises |
| 7-ELEVEN | 1,702,010 | 07/21/1992 | Coffee for consumption on or off the premises |
| 7-ELEVEN | 2,152,472 | 04/21/1998 | Telephone calling card services |
| 7-ELEVEN & Design | 2,642,740 | 10/29/2002 | Coffee, and semi-frozen flavored coffee-based beverages, for consumption on or off the premises; Soft drinks and semi-frozen soft drinks for consumption on or off the premises |
| 7-ELEVEN | 2,685,684 | 02/11/2003 | Retail store services featuring gasoline and retail store services featuring convenience store items |
| 7-ELEVEN & Design | 2,751,552 | 08/19/2003 | Clothing, namely caps; Sporting goods, namely golf balls |
| 7-ELEVEN | 2,765,976 | 09/23/2003 | Pens and stationery-type portfolios; Clothing, namely caps, jackets, shirts; Sporting goods, namely golf balls |
| 7-ELEVEN & Design (Color) | 2,834,419 | 04/20/2004 | Retail convenience store services |
| 7-ELEVEN | 2,914,788 | 12/28/2004 | Gasoline |
| 7-ELEVEN | 3,338,512 | 11/20/2007 | Gift card services and debit card services |

4

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|------|----------|------|-------------------|
| 7-ELEVEN & Tri-Stripe Mark (Color) | 3,679,337 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |
| 7-ELEVEN & Tri-Stripe Mark | 3,679,341 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |

The aforesaid registrations are valid, subsisting, and owned by 7-Eleven. Furthermore, registration numbers 718,016, 896,654, 920,897, 961,594, 1,035,454, 1,288,594, 1,402,425, 1,702,010, 2,152,472, 2,642,740, 2,685,684, 2,834,419, and 2,914,788, and 3,338,512 are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b), and, therefore, conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks on or in connection with identified goods and services.

14.    Since at least as early as 1966, long prior to the acts of Defendants complained of herein, 7-Eleven has sold semi-frozen soft drinks under the SLURPEE mark.

15.    Since long prior to the acts of Defendants complained of herein, 7-Eleven and its franchisees annually have sold nationally millions of dollars of products under 7-Eleven's SLURPEE mark at its 7-ELEVEN   stores and elsewhere, and have annually spent millions of dollars to advertise and promote products and related goods nationally under the aforesaid SLURPEE mark.

16.    By virtue of the aforesaid extensive use, advertising, and promotion, 7-Eleven's aforesaid SLURPEE mark, has become well known among consumers, and acquired a strong secondary meaning signifying 7-Eleven, and is now famous.

4828-5907-7917.

17.     7-Eleven has registered its aforesaid SLURPEE mark in the United States Patent and Trademark Office. Such registrations include, but are not limited to, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| SLURPEE | 829,177 | 5/23/1967 | Fruit flavored, semi-frozen soft drinks. |
| SLURPEE | 2,240,848 | 4/20/1999 | Clothing, namely t-shirts. |
| SLURPEE | 3,141,476 | 10/3/2006 | Confectionary products, namely candy. |
| SLURPEE | 3,596,696 | 3/24/2009 | Beverage containers, namely, reusable plastic cups and mugs. |
| SLURPEE | 3,079,803 | 4/11/2006 | Toy battery operated beverage maker. |
| SLURPEE | 3,494,101 | 8/26/2008 | Drinking straws. |

The aforesaid registrations are valid, subsisting, and owned by 7-Eleven. Furthermore, registration numbers 829,177; 2,240,848; 3,141,476; and 3,494,101 are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b), and, therefore, conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks on or in connection with identified goods and services.

18.     7-Eleven now owns an invaluable goodwill which is symbolized by each of its aforesaid trade identities (*i.e.*, the 7-ELEVEN name and mark, and the SLURPEE mark). The use of each of these trade identities substantially increases the value of 7-Eleven's and its franchisees' 7-ELEVEN stores and the salability of the goods and services sold through them.

19.     Long subsequent to the aforesaid acquisition of fame and secondary meaning of 7-Eleven's aforesaid 7-ELEVEN name and mark, upon information and belief, Defendants commenced simulating 7-Eleven's 7-ELEVEN name and mark by adopting and using the name

and mark 7-EVEN and displaying the 7-EVEN name and mark at Defendants' Baltimore, Maryland store as an Arabic numeral "7" followed immediately by a dash and the word "EVEN", all displayed in block letters appearing on the same plane against a solid, contrasting background.

20.     Long subsequent to the aforesaid acquisition of fame and secondary meaning of 7-Eleven's aforesaid SLURPEE mark, upon information and belief, Defendants commenced using a counterfeit of 7-Eleven's SLURPEE mark by, among other things, adopting and using the identical mark SLURPEE for semi-frozen soft drinks.

21.     Upon information and belief, Defendants intentionally adopted the 7-EVEN name and mark for convenience store services to trade upon the fame and goodwill represented by 7-Eleven's aforesaid 7-ELEVEN name and mark.

22.     Upon information and belief, Defendants intentionally adopted their counterfeit SLURPEE mark (hereinafter "Counterfeit SLURPEE") for semi-frozen soft drinks to trade upon the fame and goodwill represented by 7-Eleven's aforesaid SLURPEE mark.

23.     The aforesaid unauthorized use of the 7-EVEN name and mark, as well as the Counterfeit SLURPEE mark, deceptively represents that Defendants' convenience store goods and services and semi-frozen soft drinks emanate from 7-Eleven, or are connected with, or sponsored, or approved by 7-Eleven, and Defendants' use is likely to cause confusion with 7-Eleven's and its franchisees' use of each of 7-Eleven's aforesaid famous 7-ELEVEN name and mark, and SLURPEE mark, or otherwise to cause deception or mistake as to the source, sponsorship, or approval of Defendants' aforesaid convenience store services and products and semi-frozen soft drinks.

24.     The aforesaid unauthorized uses of Defendants' 7-EVEN name and mark and infringes 7-Eleven's 7-ELEVEN mark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

25.     The aforesaid unauthorized uses of Defendants' Counterfeit SLURPEE mark infringes 7-Eleven's SLURPEE mark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

26.     Defendant's Counterfeit SLURPEE mark constitutes a counterfeit of 7-Eleven's federally registered 7-ELEVEN mark within the meaning of Section 34 of the Lanham Act, 15 U.S.C. § 1116.

27.     Defendants' aforesaid use of each of the 7-EVEN name and mark, and Counterfeit SLURPEE mark, is greatly and irreparably damaging to 7-Eleven and will continue to damage 7-Eleven unless and until enjoined by this Court; wherefore, 7-Eleven is without adequate remedy at law.

## COUNT II: MARYLAND TRADEMARK INFRINGEMENT

28.     7-Eleven realleges and incorporates by reference the allegations contained in paragraphs 1 through 12, 14 through 16, 18 through 23, and 27 of this Complaint herein.

29.     The aforesaid unauthorized use of each of Defendants' 7-EVEN name and mark, and Counterfeit SLURPEE mark, infringes 7-Eleven's 7-ELEVEN name and mark, and SLURPEE mark, under the common law of the State of Maryland.

## COUNT III: FEDERAL UNFAIR COMPETITION

30.     7-Eleven realleges and incorporates by reference the allegations contained in paragraphs 1 through 12, 14 through 16, 18 through 23, and 27 of this Complaint herein.

4828-5907-7917.

31.     The aforesaid unauthorized use of each of Defendants' 7-EVEN name and mark, and Counterfeit SLURPEE mark constitutes one or more misleading uses of a word, term, name, trade dress, symbol or device, or a combination thereof, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT IV: MARYLAND UNFAIR COMPETITION

32.     7-Eleven realleges and incorporates by reference the allegations contained in paragraphs 1 through 12, 14 through 16, 18 through 23, and 27 of this Complaint herein.

33.     The aforesaid unauthorized use of each of Defendants' 7-EVEN name and mark, and Counterfeit SLURPEE mark constitutes unfair competition under the common law of the State of Maryland.

## COUNT V: FEDERAL TRADEMARK DILUTION

34.     7-Eleven realleges and incorporates by reference the allegations contained in paragraphs 1 through 23, and 27 of this Complaint herein.

35.     Since long prior to the acts of the Defendants complained of herein, each of 7-Eleven's aforesaid trade identities, namely the 7-ELEVEN name and mark, and SLURPEE mark, became famous within the meaning of the Lanham Act, 15 U.S.C. § 1125(c)(2).

36.     The aforesaid unauthorized use of each of Defendants' 7-EVEN name and mark, and Counterfeit SLURPEE mark dilutes the distinctiveness of 7-Eleven's 7-ELEVEN mark and SLURPEE mark, respectively, in violation of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

4828-5907-7917.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, 7-Eleven, Inc., prays for judgment against each of the Defendants, 7 Even, Inc. and Daniel Geda, that:

37.     Defendant 7 Even, Inc., and each of its directors and officers, and Daniel Geda, and each of their respective partners, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, be permanently enjoined from:

        a.      using the 7-EVEN name or mark, and the Counterfeit SLURPEE mark;

        b.      using any other name, mark or logo, consisting, in whole or in part, of the numerals "7" or "11" or the words "seven" or "eleven", for convenience stores or related products or services;

        c.      using any other name, mark, or logo which consists, in whole or in part, of a numeral or written out number, followed by another numeral or written out number, for convenience stores or related products or services;

        d.      using any other name, mark, or logo which uses as a prominent element thereof any numeral, design, or other graphic intersected by another numeral or a word, design or other graphic, for convenience store or related services or products;

        e.      using any other name, mark, or logo that is a reproduction, counterfeit, copy, or colorable imitation of 7-Eleven's 7-ELEVEN name or mark, for convenience store or related services or products;

        f.      using any other name, mark, or logo which consists, in whole or in part, of a "slurp", "slurpie", or "slurpy", for soft drinks, or related products or services;

g.   using any other name, mark, or logo that is a reproduction, counterfeit, copy, or colorable imitation of 7-Eleven's SLURPEE mark for soft drinks, or related products or services;

h.   doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, their services, or products emanate from 7-Eleven or are connected with, or sponsored by, or approved by 7-Eleven;

i.   doing any other thing likely to dilute the distinctiveness of the 7-ELEVEN name and mark or SLURPEE mark;  and

j.   aiding or assisting any person engaging in any of the acts prohibited by sub-sections (a) through (i) above.

38.   Defendants 7 Even, Inc. and Daniel Geda be required, jointly and severally, to pay to 7-Eleven the following:

a.   In accordance with 15 U.S.C. § 1117(c), statutory damages in the amount of $2,000,000 for Defendants' willful use of a counterfeit mark;

b.   In accordance with 15 U.S.C. § 1117(a), three times such damages as 7-Eleven has suffered as a result of Defendants' acts of infringement, unfair competition, and dilution, three times all profits wrongfully derived by Defendants from such acts, and 7-Eleven's costs, including reasonable attorneys' fees;

c.   In accordance with Maryland common law, damages as 7-Eleven has suffered as a result of Defendants' trademark infringement and unfair competition.

39.   Defendant Daniel Geda be required, in accordance with 15 U.S.C. § 1118, to deliver to 7-Eleven for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in his possession bearing the name or mark 7-EVEN or any other name, mark, or

logo comprising, in whole or in part, 7-EVEN, or any other reproduction, counterfeit copy, or colorable imitation of 7-Eleven's 7-ELEVEN name or mark or 7-ELEVEN Logo, and all plates, models, matrices, and other means of making same.

40.     Defendants 7 Even, Inc. and Daniel Geda be required, in accordance with 15 U.S.C. § 1118, to deliver to 7-Eleven for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing the name or mark SLURPEE or any other name, mark, or logo comprising, in whole or in part, SLURPEE, or any other reproduction, counterfeit copy, or colorable imitation of 7-Eleven's SLURPEE mark, and all plates, models, matrices, and other means of making same.

41.     7-Eleven have such other and further relief as the Court deems just and equitable.


Dated: October 22, 2014                           Respectfully submitted,

                                                  /s/  Harry Levy
                                                  _____
                                                  Harry Levy (Bar No. 02236)
                                                  SHUMAKER WILLIAMS P.C.
                                                  901 Dulaney Valley Road, Suite 610
                                                  Towson, Maryland 21204

                                                  Telephone: (410) 825-5223
                                                  Facsimile: (410) 825-5426

                                                  levy@shumakerwilliams.com

                                                  *Attorneys for Plaintiff,*
                                                  *7-Eleven, Inc.*

4828-5907-7917.

OF COUNSEL:

Charles R. Mandly, Jr. (*Pro Hac Vice Anticipated*)
R. Spencer Montei (*Pro Hac Vice Anticipated*)
David A. Copland (*Pro Hac Vice Anticipated*)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654

Telephone: (312) 832-4500
Facsimile:  (312) 832-4700

cmandly@foley.com
rmontei@foley.com
dcopland@foley.com

300000-21-164