FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION
2014 NOV 25 PM 12:17
CLERKS OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| 7-ELEVEN, INC., <br> a Texas corporation, <br> One Arts Plaza <br> 1722 Routh Street, Suite 1000 <br> Dallas, TX 75201 <br><br> Plaintiff, <br><br> v. <br><br> 7 EVEN, INC., a Maryland corporation, <br> 228 North Eutaw Street <br> Baltimore, MD 21201 <br> Daniel Geda, Resident Agent <br> 914 Elm Ridge Avenue <br> Baltimore, MD 21229 <br><br> and <br><br> DANIEL GEDA <br> 914 Elm Ridge Avenue <br> Baltimore, MD 21229 <br><br> Defendants. | Civil Action No. 1:14-cv-03316-ELH |

## CONSENT JUDGMENT

This matter having been presented to the Court by and with the consent of plaintiff, 7-Eleven, Inc. ("7-Eleven"), and the defendants 7 Even, Inc. and Daniel Geda (collectively, "Defendants"), the Court having been fully advised in the premises, in resolution of the entire action it is hereby ORDERED, ADJUDGED and DECREED:

1. This Court has jurisdiction over the parties hereto and over the subject matter hereof.

4849-8779-0624.

2. Since long prior to the acts of Defendants which are the subject of this action, 7-Eleven has been engaged in the business of, *inter alia*, offering convenience store services and products to the general public at various locations throughout the United States, including within this judicial district.

3. Since at least as early as 1946, long prior to the acts of Defendants which are the subject of this action, 7-Eleven has provided its aforesaid convenience store services under the name and mark 7-ELEVEN.

4. There are currently over 7,000 convenience stores throughout the United States operated by 7-Eleven or its franchisees under 7-Eleven's aforesaid 7-ELEVEN name and mark, including more than 350 in the state of Maryland.

5. Since long prior to the acts of Defendants which are the subject of this action, 7-Eleven's 7-ELEVEN name and mark has been displayed, among other places, on signage for its convenience stores. A common display of 7-Eleven's 7-ELEVEN name and mark features an Arabic numeral "7" followed immediately by a dash and the word "eleven", all displayed in block letters appearing on the same plane against a solid, contrasting background.

6. Since long prior to the acts of Defendants which are the subject of this action, 7-Eleven and its franchisees annually have sold nationally billions of dollars of products and services under each of its aforesaid 7-ELEVEN name and mark and 7-ELEVEN Logo, and have annually spent millions of dollars to advertise and promote its convenience store services and related goods and services nationally under the aforesaid trade identity.

7. By virtue of the aforesaid extensive use, advertising, and promotion, each of 7-Eleven's aforesaid 7-ELEVEN name and mark has become well known among consumers, and acquired a strong secondary meaning signifying 7-Eleven, and is now famous.

2

8. 7-Eleven has registered its aforesaid 7-ELEVEN mark in the United States Patent and Trademark Office. Such registrations include, but are not limited to, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-ELEVEN & Design | 718,016 | 07/04/1961 | Retail grocery service |
| 7-ELEVEN | 896,654 | 08/11/1970 | Retail grocery store service |
| 7-ELEVEN & Design | 920,897 | 09/21/1971 | Retail grocery store services |
| 7-ELEVEN & Design | 961,594 | 06/19/1973 | Various flavors of soft drinks |
| 7-ELEVEN & Design | 1,035,454 | 03/09/1976 | Sandwiches |
| 7-ELEVEN & Design | 1,288,594 | 08/07/1984 | Gasoline |
| 7-ELEVEN & Design | 1,402,425 | 07/22/1986 | Soft drinks for consumption on or off the premises |
| 7-ELEVEN | 1,702,010 | 07/21/1992 | Coffee for consumption on or off the premises |
| 7-ELEVEN | 2,152,472 | 04/21/1998 | Telephone calling card services |
| 7-ELEVEN & Design | 2,642,740 | 10/29/2002 | Coffee, and semi-frozen flavored coffee-based beverages, for consumption on or off the premises; Soft drinks and semi-frozen soft drinks for consumption on or off the premises |
| 7-ELEVEN | 2,685,684 | 02/11/2003 | Retail store services featuring gasoline and retail store services featuring convenience store items |
| 7-ELEVEN & Design | 2,751,552 | 08/19/2003 | Clothing, namely caps; Sporting goods, namely golf balls |
| 7-ELEVEN | 2,765,976 | 09/23/2003 | Pens and stationery-type portfolios; Clothing, namely caps, jackets, shirts; Sporting goods, namely golf balls |

4849-8779-0624.

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-ELEVEN & Design (Color) | 2,834,419 | 04/20/2004 | Retail convenience store services |
| 7-ELEVEN | 2,914,788 | 12/28/2004 | Gasoline |
| 7-ELEVEN | 3,338,512 | 11/20/2007 | Gift card services and debit card services |
| 7-ELEVEN & Tri-Stripe Mark (Color) | 3,679,337 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |
| 7-ELEVEN & Tri-Stripe Mark | 3,679,341 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |

The aforesaid registrations are valid, subsisting, and owned by 7-Eleven. Furthermore, registration numbers 718,016, 896,654, 920,897, 961,594, 1,035,454, 1,288,594, 1,402,425, 1,702,010, 2,152,472, 2,642,740, 2,685,684, 2,834,419, and 2,914,788, and 3,338,512 are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b), and, therefore, conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks on or in connection with identified goods and services.

9.   Since at least as early as 1966, long prior to the acts of Defendants which are the subject of this action, 7-Eleven has sold semi-frozen soft drinks under the SLURPEE mark.

10.   Since long prior to the acts of Defendants which are the subject of this action, 7-Eleven and its franchisees annually have sold nationally millions of dollars of products under 7-Eleven's SLURPEE mark at its 7-ELEVEN stores and elsewhere, and have annually spent millions of dollars to advertise and promote products and related goods nationally under the aforesaid SLURPEE mark.

4

4849-8779-0624.

11. By virtue of the aforesaid extensive use, advertising, and promotion, 7-Eleven's aforesaid SLURPEE mark, has become well known among consumers, and acquired a strong secondary meaning signifying 7-Eleven, and is now famous.

12. 7-Eleven has registered its aforesaid SLURPEE mark in the United States Patent and Trademark Office. Such registrations include, but are not limited to, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
| --- | --- | --- | --- |
| SLURPEE | 829,177 | 5/23/1967 | Fruit flavored, semi-frozen soft drinks. |
| SLURPEE | 2,240,848 | 4/20/1999 | Clothing, namely t-shirts. |
| SLURPEE | 3,141,476 | 10/3/2006 | Confectionary products, namely candy. |
| SLURPEE | 3,596,696 | 3/24/2009 | Beverage containers, namely, reusable plastic cups and mugs. |
| SLURPEE | 3,079,803 | 4/11/2006 | Toy battery operated beverage maker. |
| SLURPEE | 3,494,101 | 8/26/2008 | Drinking straws. |

The aforesaid registrations are valid, subsisting, and owned by 7-Eleven. Furthermore, registration numbers 829,177; 2,240,848; 3,141,476; and 3,494,101 are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b), and, therefore, conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks on or in connection with identified goods and services.

13. 7-Eleven now owns an invaluable goodwill which is symbolized by each of its aforesaid trade identities (i.e., the 7-ELEVEN name and mark, and the SLURPEE mark). The use of each of these trade identities substantially increases the value of 7-Eleven's and its franchisees' 7-ELEVEN stores and the salability of the goods and services sold through them.

5

4849-8779-0624.

14.     Long subsequent to the aforesaid acquisition of fame and secondary meaning of 7-Eleven's aforesaid 7-ELEVEN name and mark, Defendants commenced using the name and mark 7-EVEN and displaying the 7-EVEN name and mark at Defendants' Baltimore, Maryland store as an Arabic numeral "7" followed immediately by a dash and the word "EVEN", all displayed in block letters appearing on the same plane against a solid, contrasting background.

15.     Long subsequent to the aforesaid acquisition of fame and secondary meaning of 7-Eleven's aforesaid SLURPEE mark, Defendants commenced using the SLURPEE mark for semi-frozen soft drinks.

16.     Defendants 7 Even, Inc., and each of its directors and officers, including Daniel Geda, and each of their respective partners, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, are hereby permanently enjoined from:

   a.     using the 7-EVEN name or mark, and the SLURPEE mark;

   b.     using any other name, mark or logo, consisting, in whole or in part, of the numerals "7" or "11" or the words "seven" or "eleven", for convenience stores or related products or services;

   c.     using any other name, mark, or logo which consists, in whole or in part, of a numeral or written out number, followed by another numeral or written out number, for convenience stores or related products or services;

   d.     using any other name, mark, or logo which uses as a prominent element thereof any numeral, design, or other graphic intersected by another numeral or a word, design or other graphic, for convenience store or related services or products;

4849-8779-0624.

Case 1:14-cv-03316-ELH   Document 22-1   Filed 11/25/14   Page 7 of 9

e. using any other name, mark, or logo that is a reproduction, counterfeit, copy, or colorable imitation of 7-Eleven's 7-ELEVEN name or mark, for convenience store or related services or products;

f. using any other name, mark, or logo which consists, in whole or in part, of "slurp", "slurpie", or "slurpy", for soft drinks, or related products or services;

g. using any other name, mark, or logo that is a reproduction, counterfeit, copy, or colorable imitation of 7-Eleven's SLURPEE mark for soft drinks, or related products or services;

h. doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, their services, or products emanate from 7-Eleven or are connected with, or sponsored by, or approved by 7-Eleven;

i. doing any other thing likely to dilute the distinctiveness of the 7-ELEVEN name and mark or SLURPEE mark; and

j. aiding or assisting any person engaging in any of the acts prohibited by sub-sections (a) through (i) above.

17. Defendants 7 Even, Inc. and Daniel Geda be required, in accordance with 15 U.S.C. § 1118, to deliver up to 7-Eleven for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in its, his or their possession bearing the 7 Eleven name or mark, or any other reproduction, counterfeit copy or colorable imitation of 7-Eleven's 7-ELEVEN name or mark, and all plates, models, matrices, and other means of making same.

18. Defendants 7 Even, Inc. and Daniel Geda be required, in accordance with 15 U.S.C. § 1118, to deliver up to 7-Eleven for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in its, his or their possession bearing the SLURPEE

4849-8779-0624.

Case 1:14-cv-03316-ELH   Document 23   Filed 11/25/14   Page 8 of 9
Case 1:14-cv-03316-ELH   Document 22-1   Filed 11/25/14   Page 8 of 9

mark, or any other reproduction, counterfeit copy or colorable imitation of 7-Eleven's SLURPEE mark, and all plates, models, matrices, and other means of making same.

19. In accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), each of the Defendants shall, within sixty (60) days from the date of the entry of this Order, by signed writing, sent to:

> Counsel for 7-Eleven, Inc.
> Foley & Lardner LLP
> 321 North Clark Street, 28th Floor
> Chicago, Illinois 60654

Inform 7-Eleven of their complete compliance with the terms of this Consent Judgment and shall forward color photos and an affidavit evidencing compliance with this judgment, including but not limited to, any licenses and permits held by Defendants which use a name or mark proscribed by this Consent Judgment.

20. Defendants are jointly and severally responsible for, and expressly agree to pay, all costs and fees, including reasonable legal fees, that 7-Eleven incurs in successfully enforcing the terms of this Consent Judgment before the Court, including but not limited to, costs incurred or associated directly or indirectly with filing or otherwise bringing any claim, motion, cause of action, suit, rule to show cause or contempt motion for purposes of enforcing any term or provision of this Consent Judgment.

**SO ORDERED:**
Dated: 11/25/14

_Ellen L. Hollander_
Ellen Lipton Hollander
United States District Judge

**CONSENTED TO:**

7-ELEVEN, INC.                           7 EVEN, INC.

8

4849-8779-0624.

By: _____  By: _____
Name: THOMAS HENNEN             Name: DANIEL GEDA
Title: ASST. SECRETARY          Title: president
Dated: 11/20/2014               Dated: 11/13/14

DANIEL GEDA

_____
Dated: 11/13/14

APPROVED AS TO FORM:
SHUMAKER WILLIAMS, P.C.                MASLAN, MASLAN & ROTHWELL, P.A.

_____              _____
Harry Levy                             Gary R. Maslan
Shumaker Williams, P.C.                Maslan, Maslan & Rothwell, P.A.
901 Dulaney Valley Road, Suite 610     7508 Eastern Avenue
Towson, Maryland 21204                 Baltimore, Maryland 21224
Phone: (410) 825-5223                  Phone: (410) 282-7000
Fax: (410) 825-5426                    Fax: (410) 282-3336
levy@shumakerwilliams.com              gmaslan@mmandrlaw.com

*Attorney for Plaintiff, 7-Eleven, Inc.*   *Attorney for Defendants, 7 Even, Inc. and Daniel Geda*

Dated: November 25, 2014        Dated: 11-13-14

9

4849-8779-0624.